## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| FREDRICK ERNEST GRAHAM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-cv-945-RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon review of movant Fredrick Ernest Graham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Because the motion is an unauthorized successive motion, the Court will dismiss this action for want of jurisdiction.

### **Procedural History**

On August 13, 2015, a jury found movant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). *United States v. Graham*, No. 4:14-cr-333-RLW-1 (E.D. Mo. 2014). On February 3, 2016, this Court sentenced movant to serve 105 months' imprisonment, to be followed by three years of supervised release. Movant appealed, and on February 22, 2017 the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. *United States v. Graham*, No. 16-1423 (8th Cir. 2016).

On or about August 27, 2018, movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *Graham v. United States*, No. 4:18-cv-1463-RLW (E.D. Mo. 2018) (hereafter "*Graham I.*"). On January 11, 2019, this Court denied the motion after determining it was untimely, and that movant had failed to show cause why it should not be dismissed as such. Movant appealed, and on April 12, 2019, United States Court of Appeals for the Eighth Circuit dismissed the appeal. *Graham v. United States*, No. 19-1240 (8th Cir. 2019).

Movant initiated the instant action on July 13, 2020[1] by filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, seeking to challenge the same judgment he challenged in *Graham I*. Movant avers that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) provides a basis to attack his sentence.

## Discussion

As noted above, movant previously filed a § 2255 motion that was dismissed as untimely. The instant motion is therefore a "second or successive" motion as defined in 28 U.S.C. § 2255(h). *See Diaz-Diaz v. United States*, 297 F. App'x 574, 575 (8th Cir. 2008) (per curiam) (a later motion for collateral relief is considered "second or successive" if the earlier motion was dismissed as untimely). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a second or successive motion to be certified by the appropriate circuit court of appeals before it may be filed in the district court. 28 U.S.C. § 2255(h). This requirement is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

Movant does not aver, nor does independent inquiry reveal, that he has sought, much less received, authorization from the Eighth Circuit Court of Appeals to bring the instant motion. Accordingly, this Court lacks jurisdiction to grant the relief requested therein, and must dismiss the motion. This dismissal will be without prejudice to refiling if, and when, movant obtains the necessary authorization from the United States Court of Appeals for the Eighth Circuit.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that

---

[1] Because movant indicates he signed the motion and placed it in his institution's mailing system on July 13, 2020, the Court deems the motion to have been filed on that date. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

2

issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 19th day of August, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3